In the Matter of the Judicial Settlement of the Accounts
of J. MOREAU SMITH et al., as Executors.

The rule that the gift of the income of property is a gift of the property
itself, only applies where there is no limitation of time attached to the
gift.

A gift of income followed by a gift over of the *corpus* on the happening
of a contingency, or the death of the beneficiary, is a gift of the income
for the intermediate period only.

A clause in the will of H. directed that one-third of his residuary estate
should be held in trust by his executors, who were directed out of the
income to pay to the testator's son R. $100 per month "for his support
and maintenance, and for the support and maintenance of his daughter"
E. during her minority; the clause to be operative only in case she
should, after she attained the age of eight years, reside with the tes-
tator's wife or her relatives. In the event of E.'s surviving her father,
the will gave to her one-half of said one-third, the other half to the
testator's heirs at law. In the event of the decease of R. leaving no
issue surviving, the will provided that the said one-third "given and
devised in trust for him" should revert to the testator's heirs at law.
It was expressly declared that R. in no event should "be vested with,
receive or control, any part of the principal of the said one-third, but
that the same shall be held as trust estate only and the income only
paid to him." E. died when about fifteen years of age. *Held,* that the
trust so created did not terminate on the death of E. but was created
primarily for the benefit of R., and continued during his life.

H. left surviving him six grandchildren; he bequeathed to each $10,000
to be paid on their attaining respectively the age of twenty-five. "In
the event of the decease of either of said grandchildren prior to attain-
·ing the age of twenty-five" the will provided that "the share of such
deceased shall be equally divided between the surviving grandchildren."
R., who was a widower at the time of his father's death, thereafter
married and had two children born before the death of E. *Held,* that
said two children were not entitled to share in the legacy given to E.,
but that the gift was to the survivors of the six legatees.

(Argued January 26, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made the first Tuesday of January, 1891, which affirmed a
decree of the surrogate of Monroe county, settling the accounts

of J. Moreau Smith and Emma Herrick, as executors of the last will and testament of Lewis R. Herrick, deceased.

This proceeding involves the construction of certain provisions of the last will and testament of Lewis R. Herrick, deceased.

In September, 1877, Lewis R. Herrick died, leaving surviving him his widow and two daughters and one son, and also six grandchildren. His son Richard P. Herrick had one daughter, Emma Dude Herrick, then under eight years of age, and who died in 1884. The widow and the three children, and all the grandchildren, with the exception of Emma Dude Herrick, are still living. Lewis R. Herrick left a will dated July 20, 1877, and a codicil dated August 3, 1877. Richard P. Herrick was a widower at the time of his father's death, but thereafter married a second wife and by her had two children, born before the death of their half sister Emma. The son Richard P. Herrick and his two infant children are appellants.

The surrogate on the accounting construed the fourth and fifth clauses of the will. One of the questions raised was as to the duration of the trust created by the fifth clause, and the other related to the claim of the infant appellants that they were entitled to share in the distribution of the legacy of $10,000 given by the will to their half sister Emma. The surrogate decided that the trust in the fifth clause is to continue during the life of Richard P. Herrick. He also decided that the two infant appellants are not entitled to share in the legacy of $10,000.

Some other questions arise on exceptions to the accounts of the executor as settled by the surrogate.

The fourth and fifth clauses of the will are as follows:

"*Fourth.* I give and bequeath to each of my grandchildren the sum of ten thousand dollars, to be paid to them on their severally attaining the age of twenty-five (25) years, I direct that during the minority of any of such grandchildren and until they shall respectively attain the age of twenty-five years the said sum shall be invested by my executors in bonds and

mortgages or other safe securities, and the interest and proceeds arising therefrom shall be paid semi-annually to the respective mothers of said children, and in the event of the decease of any mother the said interest shall be added to the principal fund, which, with all accumulations, shall be paid to each of said grandchildren as above mentioned. In the event of the decease of either of said grandchildren prior to attaining the age of twenty-five years, then I direct that the share of such deceased shall be equally divided between the surviving grandchildren share and share alike. All the grandchildren, as a class, shall take irrespective of relationship as a brother or sister of a deceased child. With respect to my granddaughter, Emma Dude, daughter of my son Richard P. Herrick, I direct that the interest arising from the investment of her ten thousand dollars instead of being paid to her mother shall be added to the one-third part of my estate hereinafter devised and bequeathed to her said father.

"*Fifth.* After satisfying the foregoing provisions, I direct that all the rest, residue and remainder of my estate *both real and personal* be divided into three (3) equal portions and I give, devise and bequeath one such third part to Helen E. Smith, wife of J. Moreau Smith, one other third part to Emma C. Morse, wife of Rollin E. Morse *and the remaining one-third part I direct shall be held in trust by my executors* upon trust to invest the same upon such securities as hereinbefore mentioned and out of the proceeds arising therefrom to pay to my said son Richard P. Herrick the sum of one hundred dollars per month for his support and maintenance, *and for the support, maintenance and education of his daughter Emma Dude Herrick, during her minority*, provided and upon the sole condition that after she attains the age of eight (8) years, *she shall return to the residence at that time of my wife or her relatives*, residing within the state of New York, it being anticipated that her father may return and reside with her, *but this clause shall be operative only* in the event that my said grandchild shall be able to, and shall actually reside with

her said relatives, either alone, or with her father as the case may be, and shall be governed by their tuition, advice and directions, or by the advice and counsel of my executors, or a majority of them, *until she attain the age of twenty-five* (25) *years. In case my said granddaughter shall neglect or refuse to reside with her said relatives during said period intermediate eight and twenty-five years of age, then all the provisions in this will contained relating to my said grandchild, shall, during such period of refusal, be deemed wholly inoperative and void,* and shall be construed as if no clause or recognition were had of my said grandchild. In the event of my said granddaughter surviving her father, Richard P. Herrick, then she shall receive one-half of his one-third part of the residue of my estate hereinbefore given and devised to him on her arriving at twenty-one years of age, *and the remaining moiety of his said one-third part shall be equally divided between my heirs at law, that is to my said daughters or their several children as a class,* in the event of the decease of either my daughters then surviving, share and share alike.

"*In no event shall my said son Richard P. be vested with, receive or control any part of the principal of the said one-third, but the same shall be held as a trust estate only, and the income only paid to him.* If from sickness or any other unavoidable necessity, the above-mentioned provision shall not be sufficient for the support and maintenance of my said son Richard P. and his daughter Emma Dude, then I direct my executors, or a majority of them *to apply such part of the accumulated interest* or of the principal fund, constituting such one-third part of the residue of my estate, as shall, in the judgment of my executors, or a majority of them, be necessary to supply the deficiency. *In the event of the decease of my said son Richard P., leaving no issue surviving him, then I direct that the said one-third part hereinbefore given and devised, in trust for him, shall revert to my heirs at law, then surviving, and be equally divided between them share and share alike.* This provision shall not be construed as vesting any estate in my said son Richard P. Herrick, and the words

heirs at law shall include my grandchildren then surviving as a class."

Further facts appear in the opinion.

*W. A. Sutherland* for appellant.    Richard P. Herrick is entitled to receive at once from the executors the full amount of the principal of the so-called trust fund, with accumulations of interest on the share which the said trust fund has in the undivided residuum. (*Gulick* v. *Gulick*, 27 N. J. Eq. 498; *Huston* v. *Read*, 32 id. 591; *Page* v. *Leapingwell*, 18 Ves. 463; *Adamson* v. *Armitage*, 19 id. 416; *Manning* v. *Craig*, 3 Green Ch. 436; *McMicheal* v. *Hunt*, 83 N. C. 344; *Sproul's Appeal*, 105 Penn. St. 438; *Earl* v. *Grim*, 1 Johns. Ch. 494; *Hatch* v. *Bassett*, 52 N. Y. 359–362; *Craig* v. *Craig*, 3 Barb. Ch. 76–94, 95; *Jennings* v. *Crowley*, 73 N. Y. 230–236.)    The trust created by the fifth clause of the will was only intended to continue during the minority of the appellant's daughter, Emma Dude Herrick, who died without attaining her majority. (*Pond* v. *Bergh*, 10 Paige, 249; *Phillips* v. *Davies*, 92 N. Y. 199; *Wager* v. *Wager*, 96 id. 164, 172.)    That the trust was intended to continue only during the minority of the appellant's daughter, is further strengthened by the doctrine of bequests by implication. (Jarman on Wills, 528, 529; *Tilly* v. *Collyer*, 3 Keb. 589; *Castle* v. *Cook*, 3 S. & R. 290; *Rathbun* v. *Dyckman*, 3 Paige, 827; *Marsh* v. *Hague*, 1 Edw. Ch. 174; *Goodright* v. *Hoskins*, 9 East. 306; *In re Vowers*, 23 N. Y. S. R. 415; *Wright* v. *Cundall*, 9 East. 404; *Goodtitle* v. *Whitby*, 1 Burr, 234; *Train* v. *Fisher*, 15 S. & R. 144.) The words in the fifth . clause of the will " in the event of the decease of my said son Richard P., leaving no issue surviving him," and the words in the sixth clause of the will " in the event of the decease of my daughter, Mrs. Rollin E. Morse, leaving no issue her surviving," referred to the death of these beneficiaries during the life-time of the testator, and upon the death of the testator, leaving Mrs. Morse and Richard P. surviving, they each took an absolute estate unaffected by the words quoted. (*Quackenboss* v. *Kingsland*, 102 N. Y. 128,

132; *Kelley* v. *Kelley*, 64 id. 47; *Embury* v. *Sheldon*, 68 id. 227; *Livingstone* v. *Greene*, 52 id. 118; *Austin* v. *Oakes*, 117 id. 595; *Meade* v. *Maben*, 38 N. Y. S. R. 204, 207.) The executors should be surcharged with certain items growing out of the Hildreth note. (*Collier* v. *Munn*, 41 N. Y. 143.) The account of the executors should be corrected by disallowing the item "Paid Crittenden, executor's fees, $2,625." (*In re Allen*, 96 N. Y. 330; Code Civ. Pro. § 2734; *Wilcox* v. *Smith*, 26 Barb. 416; Redfield on Sur. 708.) The executor has not accounted for all the interest he has received or is chargeable with. (Code Civ. Pro. § 2733; *Lent* v. *Howard*, 89 N. Y. 169; *King* v. *Talbot*, 40 id. 76; *Vedder* v. *Mudgett*, 95 id. 295.)

*Arthur E. Sutherland* for infant appellants. The contingent and substitutionary gift over of Emma Dude Herrick's $10,000 to testator's other grandchildren in case Emma did not attain the age of twenty-five years, is a bequest to a class of persons, the members of which were not determined until the happening of the contingency named in the will. When that contingency happened and the gift over vested in the other grandchildren, Maud and Lee Herrick were members of the class to which the fund was then bequeathed, and were entitled to share therein. (2 Jarman on Wills, 156, 157; O'Hara on Const. of Wills, 288; Hawkins on Wills, 71; *Tucker* v. *Bishop*, 16 N. Y. 402; *Teed* v. *Morton*, 60 id. 502; *Stevenson* v. *Leslie*, 70 id. 512; *Smith* v. *Sholtz*, 68 id. 41; *Vincent* v. *Newhouse*, 83 id. 505; *Buel* v. *Southwick*, 70 id. 581; *Delaney* v. *McCormick*, 88 id. 174; *Byrnes* v. *Stillwell*, 103 id. 453; *Hall* v. *Hall*, 123 Mass. 120, 124; *Morrill* v. *Phillips*, 142 id. 240; *Phinzy* v. *Foster*, 90 Ala. 262.) That Maud and Lee are children of a marriage occurring after testator's death is no reason why they should not share in the fund. (1 Roper on Legacies, 47, 48; *Barrington* v. *Tristram*, 6 Ves. 345; *Jones' Appeal*, 48 Conn. 60; *Byrnes* v. *Stillwell*, 103 N. Y. 453, 458.) In this will, the words of survivorship refer to the death of Emma Dude Herrick, and not

to the death of the testator. (*Cripps* v. *Wolcott*, 4 Madd. 11; *Neville* v. *Bottum*, 28 Beav. 559; *Hearn* v. *Baker*, 2 J. & K. 383; 2 Jarman on Wills, 733; *Moore* v. *Lyons*, 25 Wend. 119; *Lovett* v. *Buloid*, 3 Barb. Ch. 137; *Teed* v. *Morton*, 60 N. Y. 502; *Stevenson* v. *Leslie*, 70 id. 512; *Wylie* v. *Lockwood*, 86 id. 291; *Miller* v. *McBlain*, 98 id. 517; *Goebel* v. *Wolf*, 113 id. 405, 413.)

*David Hays* for respondents. Emma Dude Herrick's legacy of $10,000 was properly distributed on her death among the surviving grandchildren who were in being at the death of the testator. (*Goebel* v. *Wolf*, 113 N. Y. 405; *Kilpatrick* v. *Barron*, 125 id. 751; *Webb* v. *Hitchings*, 105 Penn. St. 91; *Campbell* v. *Rawdon*, 18 N. Y. 412; *Martin* v. *Kirby*, 11 Gratt. 67; *Moore* v. *Lyons*, 25 Wend. 119; *Lovett* v. *Burloid*, 3 Barb. Ch. 137.) The surrogate properly refused to charge the executors with the sum of $387.50 and the sum of $181.50, on account of the Hildreth matter. (*Collier* v. *Munn*, 41 N. Y. 143; *Nanz* v. *Oakley*, 120 id. 84.) The court properly refused to charge the executor with the loss on the Antes mortgage. (*O'Conner* v. *Gifford*, 117 N. Y. 275.) Crittenden's commissions were properly allowed. The other executors were also entitled to their commissions. (*In re Hood*, 90 N. Y. 312; *Halsey* v. *Van Amringe*, 6 Paige, 12.) The executors should not be surcharged with interest. (*Betts* v. *Betts*, 4 Abb. [N. C.] 317; Redf. on Surr. [3d ed.] 725; Code Civ. Pro. § 1337; *Hewlett* v. *Elmer*, 103 N. Y. 156; *In re Ross*, 87 id. 514; *In re Cottrell*, 95 id. 329.)

*William W. Webb* for respondent. The words "surviving grandchildren" in paragraph four of the will, should be construed to mean, grandchildren living at the time of the death of the testator. (*Moore* v. *Lyons*, 25 Wend. 119; *Weed* v. *Aldrich*, 2 Hun, 531; *In re Mahan*, 98 N. Y. 372.) It was the testator's intent to provide in his will only for his children and grandchildren living at the time of his death. (*Cushman* v. *Horton*, 59 N. Y. 151; *Lawton* v. *Corlies*, 127 id. 108; *Converse* v. *Kellogg*, 7 Barb. 593.)

ANDREWS, J.  We find no basis for the claim that the trust created by the fifth clause of the will terminated at the death of Emma Dude Herrick, the daughter of the testator's son Richard.  It is true that the duration of the trust is not expressly declared.  But it was created primarily for the benefit of the testator's son Richard, and the inference that it was to continue during his life is plain.  The benefit of the daughter was incidental and subordinate to the main purpose of the testator.  The income from the trust estate was to be paid to Richard in monthly payments, and it was left to him to apply it to the support of himself and his daughter during her minority, and the condition annexed to her right to support and maintenance, was apparently inserted as a means of securing a compliance by the granddaughter with the testator's wish that she should reside with the relative designated.  The death of the father is the event upon which the trust by necessary implication is limited, and the gift over is upon that event alone.  The gift over on the contingency of the death of Richard, leaving no issue surviving, is preceded by the clause, "in no event shall my son, Richard P., be vested with, receive or control any part of the principal of the said one-third, but the same shall be held as a trust estate only and the income only paid to him." These provisions seem to be conclusive that the trust was to continue during Richard's life.  The rule that the gift of the income of property is a gift of the property itself, only applies when there is no limitation of time attached to the gift.  A gift of income followed by a gift over of the *corpus* on the happening of a contingency, or on the death of the beneficiary, by necessary construction and without express words, is a gift of the income for the intermediate period only.

The other question of construction relates to the claim of the two children of Richard P. Herrick by his second wife, to share in the legacy of $10,000 given to their half sister, Emma Dude Herrick, by the fourth clause of the will.  The claim of the appellants on this branch of the case is based on the general rule which has been declared in many cases that

where a legacy is given to a class of persons, distributable at a time subsequent to the death of the testator, all persons in being at the time appointed for the distribution, who answer the description, whether born before or after the death of the testator, are deemed to be objects of the gift, and are entitled to share. (*Teed* v. *Morton*, 60 N. Y. 506, and cases cited.) This construction is placed on the presumed intention of the testator. In the case which most frequently occurs, of a legacy to A. for life, and after his death to the children of A., this presumption is founded upon strong probability, since in such a case the immediate object of the testator's beneficence is A., and it is natural to suppose that the children of A. were made ultimate beneficiaries by reason of their relationship to A., and all bearing that relation when the fund is distributable would be within the motive. The rule applies whether the legacy (if future) is vested or contingent. In the one case those of the class existing at the death of the testator take a vested interest subject to open, and let in persons of the class subsequently born and living at the time appointed for the division; in the other the happening of the event determines both the vesting and the persons entitled to take. (See *Tucker* v. *Bishop*, 16 N. Y. 402.) But it is obvious that a testator may devote his gift to a whole class or restrict it to certain individuals of a class; to persons of a class living at his death, or to such persons and all others who may belong to the class at the period of distribution. It is a question of intention, and where the question arises judicially it is to be determined by the intention declared by the will and the *res gestæ*.

We think any intention to include grandchildren not born at the testator's death in the benefit of the legacies which fail by the death of any grandchild before the age of twenty-five, is negatived on the face of the will. The testator made no direct provision for unborn grandchildren. He gave to each of his living grandchildren a legacy of $10,000. He says to "each of my grandchildren," and admittedly only living grandchildren take a primary legacy. The construction of these words is the same as if the testator had named each of the six

grandchildren in place of using the words " each of my grand-
children." The contention is that the meaning of the word
" grandchildren " used in the direct bequest is enlarged when
the testator in the same clause provides for the devolution of
the share of any grandchild dying before attaining the age
of twenty-five years. The language of the provision is : " In
the event of the decease of either of said grandchildren prior
to attaining the age of twenty-five years, I direct the share of
such deceased shall be equally divided between the surviving
grandchildren, share and share alike." The natural meaning
and reading refers the words " surviving grandchildren," in
this sentence, to the survivors of the grandchildren previously
designated. It would wrench the manifest sense of the clause
to give it any other interpretation. There is no doubt that
the word " survivors " refers to a survivorship at the death of
the grandchild, and not at the death of the testator. But what
survivors, is the question to be determined. The answer plainly
is, survivors of the six legatees, all of whom were of the same
degree of relationship with the testator and constituted a class,
although not all the individuals who at some time were grand-
children of the testator. Reference to a paragraph in the fifth
clause of the will shows with great distinctness that the testator,
in framing his will, either did not have grandchildren who
might be born after his death in mind, or that he did not intend
to provide for them. In the gift over the trust fund in the
event of the death of Richard before the death of his daughter
Emma, he gives one moiety to Emma and the other moiety to
the testator's daughters, making no provision whatever for any
children Richard might have, who should be born after the
testator's death. Richard was then a young man, and his
remarriage was probable and did in fact occur. This omission
is quite significant that the testator did not intend in the gift
over of Emma's legacy on her death before twenty-five, that
brothers or sisters who might be born after his death, should
share in the distribution. We think the judgments below on
this point follow the natural and reasonable interpretation of
the will, and that the two children of Richard, born after the

testator's death, are not entitled to any share of the legacy given to their half sister Emma.

There are some other questions which arose on the accounting. They are fully considered in the opinion of the surrogate, and were, we think, correctly decided.

We discover no error in the judgment, and it should, therefore, be affirmed.

All concur, except EARL, Ch. J., and PECKHAM, J., not voting.

Judgment affirmed.