(Court of Common Pleas, Cuyahoga Co., O.)

CHARLES P. RANNEY, EXECUTOR v. JOHN R. RANNEY et al.

The Will of R. P. R. contained the following provision: "I give and bequeath to each of my grandchildren now or hereafter born the sum of fifteen thousand dollars, to be paid to them respectively, together with any accumulations thereon, when they shall respecitvely arrive at the age of twenty-three years," etc. Held: That the bequests in this provision are limited to the grandchildren in being at the time of the death of the testator, and do not include those born after his death.

CARLOS M. STONE, JUDGE.

This action is brought by the executor of the last will and testament of Rufus P. Ranney, deceased, for the construction of one of the provisions of his will.

It appears from the petition that on the 6th day of December, 1891, Judge Ranney died, leaving a will executed and acknowledged by him on the 10th day of November, 1888.

He left surviving him Charles P. Ranney, executor, and John R. Ranney, his only surviving children, and Percival R. Bolton and Howard C. Bolton, sons of a deceased daughter, who are the only heirs-at-law; that at the time of the execution of the will, as well as at the time of the demise of Rufus P. Ranney, he had four grandchildren. On the 23rd day of January, 1894, there was born to Charles P. Ranney and his wife, a daughter, Alice Elizabeth Ranney, and granddaughter of the testator, and born after his decease.

On June 14th, 1893, the time for the executor to settle the estate was extended one year, and the child Alice was born during that year.

It is a fact conceded that there are adequate assets undistributed in the hands of the executor to pay the specific legacies to all grandchildren including the child Alice.

The item of this will upon which construction is asked reads as follows:

"Second—I give and bequeath to each of my grandchildren now or hereafter born the sum of fifteen thousand dollars, to be paid to them respectively, together with any accumulations thereon, when they shall severally arrive at the age of twenty three years. These sums are to be securely invested by my executors, and should any of my said grandchildren die before attaining that age, leaving no children, the share of said grandchild shall pass to and vest in all of the grandchildren share and share alike, and be paid over at the time and in the manner above stated."

The question arises with reference to the meaning of the words "now or hereafter born," and presents itself in the form of an inquiry as to what grandchildren compose the class to each of whom this bequest is given. Whether it applies only to those in existence at the death of the testator, or whether by reason of the words "or hereafter born" those children born after the death of the testator are permitted, under this item, to take a legacy of fifteen thousand dollars; and in the case before the court, whether the child Alice Elizabeth Ranney, born January 23rd, 1894, something more than two years after the death of Judge Ranney which occurred December 6th, 1891, is entitled to a legacy of fifteen thousand dollars.

Had the words referred to been entirely omitted no possible question could have arisen for the reason that with reference to bequests of personalty, at least, wills speak from the date of the death of the testator, and only those objects of a class that are in existence at such date are permitted to take, unless there is some well defined intention in the will that indicates it to have been the will of the testator that some other date shall be the time for the determining these objects.

Or had the bequests been simply to "my grandchildren" only those in esse at Judge Ranney's death would take. 29 Bul., 385; 131 N. Y., 239.

Or had the will read, "I give and bequeath to each of my grandchildren now born," the gift would apply to those who were in existence at the date of the will and those only. 2nd Jarman 6th Ed., 166.

The only question in the construction of this item is, whether the words "hereafter born" extend to the class simply to those grandchildren born between the date of the will and the death of the testator, or whether the class is thereby extended to any grandchild who might be born after the death of the testator, thus postponing the final settlement of the estate until after the death of both of the sons (in this instance) of the testator.

It is a well recognized principle in the construction of wills, that the intention of the testator shall be the controlling consideration in determining the effect of the language used, and where words themselves have a different meaning they shall be construed so as to give the effect that will be in harmony with the general intention of the testator, to be gathered from the document in its entirety.

The courts, however, have laid down certain rules of construction and certain meanings are established for certain words and phrases that must be followed, unless it is definitely and clearly manifest from some other portion of the will that some other meaning is to be given to them.

With reference to devises and bequests to children or grandchildren as classes, the following rules seem well established by many decided cases and formulated in the text-books.

In 2nd Jarman 6h Ed., 167, the author says:

"An immediate gift to children or grand-

children (that is to take effect immediately in possession on the testator's decease), whether it be the children of a living or deceased person, and whether it be to children simply or to all children, and whether there be a gift over in case of the decease of any of the children under age or not, comprehends children living at the testator's decease and those only.''

Again he says:

''Where a particular estate or interest is carved out with a gift over to the children of the person taking that gift, or the children of any other person, such gift will embrace not only the subjects living at the time of the death of the testator, but all who may subsequently come into existence before the period of distribution.''

''It has also been established,'' says the same authority, ''that where the period of distribution is postponed until the attainment of a given age by the children the gift will apply to those children living at the death of the testator, and those who come into existence before the first child attained that age—that is, the period when the fund becomes distributable in respect to any one object or member of the class; but if any child at the death of the testator is entitled to take immediately no subsequently born child can come in.'' 2nd Jarman, 6th Ed., 172.

It will be observed, in all of the cases to which the rules are intended to apply, there is a definite fund. or property set aside by the will for distribution to the class of heirs which may be indicated, which property or fund is in the aggregate not subject to increase. The effect of the rule in any of these cases is merely to change the relative portions of each member of the class, and does not effect, or at least increase, the aggregate amount given to the class.

In the case of legacies which come out of the general personal estate and are made payable at a certain age, (say twenty one or twenty-three), the very decided weight of authority is to the effect that the bequest is confined to children in existence at the death of the testator. on account of the inconvenience of postponing the distribution of the general personal estate until the majority of the eldest legatee which would have the inevitable effect of keeping open the number of pecuniary legatees.

Had the gift in this case been a definite aggregate sum to be distributed among the members of this class of grandchildren, the share of each would have been fixed in the present case immediately upon the death of the testator, for the reason that two of the grandchildren were, at that time, of the age at which the legacy became payable, and that of itself. according to the rule or principle heretofore given, would have shut out any after-born children.

According to the English decisions whatever may be the effect of the words ''to be born'' or ''to be begotten'' or ''hereafter born'' in extending a class to those born after the testator's death where a definite aggregate sum is given for the class, do not have that effect where the gifts are general pecuniary legacies, where the effect of letting in children born after the death of the testator would be to postpone the distribution of the general personal estate (out of which the legacies are payable) until the death of the parents of the legatees.

In Storrs v. Benbow, 2 My. & K., 46, the will provided: ''I direct my executors, to pay out of my personal estate exclusively, the sum of 500 pounds apiece to each child that may be born to either of the children of my brothers lawfully begotten, to be paid to each on his or her attaining the age of twenty-one years.''

It was held that the gift was confined to children living at the testator's death. The court thought that the words ''may be born'' provided for the birth of children between the making of the will and the death of the testator, and said ''to have a different meaning to the words would impute to the testator the inconvenient and improbable intention that his residuary personal estate should not be distributed until the death of his brothers' children.''

In Butler v. Lowe, 10 Simons Chancery Rep., 319 (1839) the will provided:

''I give to each of the children of my nephew William Lowe, begotten or to be begotten, the sum of 200 pounds,'' payable at the age of twenty-one. Upon bill filed by executors praying for the true construction of the will (some children having been born after the testator's death) the chancellor held—''The principle upon which the courts, both of law and equity, act in construing wills, is to give the preference to that construction which is in favor of the vesting of the gift.'' * * * ''So if there is a bequest to the children of A, begotten or to be begotten, it has been generally held that the words ''to be begotten'' show only that the testator contemplated children to be born after the date of his will and before his death.''

In Ringrose v. Bramham, 2 Cox's Chan. Cases. 387, the language of the will is as follows: ''I also give to Joseph Ringroes' children fifty pounds, and every child that he hath by his wife Elizabeth, to be paid them by my executors, when they become of age.'' etc. There was a like gift to B's children. There were eleven children living at the date of the will, thirteen at the death of the testator, and three children born after the death of the testator. It was held that the thirteen born at the death of the testator were alone entitled, and that the other three born afterwards, were not; and the reasons assigned by te court are the same as in the cases to which we have already referred.

To the same effect are the following:

Mann v. Thompson, Kays Reports, 638; Sprackling v. Ranier, 1 Dick., 344; Towsend v. Early, 28 Beav., 429; Hagger v. Payne, 23 Beav., 474.

In American text-books, and American decisions, there is substantially no de-

parture from these principles as announced in the English courts.

Mr. Schouler in his excellent work on Wills, sec. 529, says:

"Our law, instead of supposing that a gift to objects thus brought together (referring to classes) should naturally include all of that class who may fulfill the description at any time, presume rather, that the testator intended the class to be ascertained upon his death and neither earlier or later."

In short, the disposition is to regard all testamentary gifts to members of a class consisting of children, grandchildren, etc., as intending prima facia that class as it may exist at the testator's death, whether the effect be to reduce or extend the number of individual beneficiaries entitled to the fund.

Again he says, Section 530.

"Notwithstanding the above rule, the judicial disposition is to let in subsequent issue and near relations of a class as generously as possible, where the terms of the will justify a distinction. That distinction is found when the aggregate fund to the class is not distributable at once, and the question 'who shall compose the class' may be conveniently postponed or in general, where the total amount of the gift does not depend upon the number of participants admitted to share it. Hence the English rule confirmed by many American precedents, "that the devise or bequest of a corpus or aggregate fund to children as a class, where the gift is not immediate, vests in all the children in existence at the testator's death, but so as to open and let in children who may come into existence afterwards at any time before the fund is distributable."

"But this enlarged rule of construction does not operate where the postponment of distribution is that merely which the law fixes for convenience in paying debts and winding up an estate in the usual process of settlement. Nor where the aggregate gift is necessarily increased by the number of participants, instead of being a fund whose total amount is to be shared among more or fewer individuals of a class, not to speak generally, when such a rule would not consist with a fair and just interpretation of the particular will."

"Another rule of presumption in this connection is, that where an aggregate fund is given to children as a class, and the share of each child is made payable on attaining a given age, or on marriage, the period of distribution is the time when the first child takes his share, and those born later are excluded."

"Nor do words of mere futurity (such as "born or to be born") affect this construction, unless, indeed, the intent disclosed by the context is plainly to the contrary * * * * . Should any one of the class attain the age in the testator's lifetime, no after born child can be let in at all." Chadwick's Appeal 147 Penn. St., 121, Landwehr's Estate. In this case the question arose as to

whether two children born after the death of the testator, and before the actual distribution, were entitled to participate. The court held: Hawkins, Judge.

"There is a settled rule of construction, that an immediate gift to children, as a class, includes only those who are in existence at the date of the testator's death, but that where a particular estate or interest carved out with a gift over, the limitation in the remainder will embrace as well those living at the date of the testator's death as those who shall subsequently come into existence before the period fixed for distribution Tested by this rule, only those children of the testator in this case, who were living at the date of the testator's death are entitled to take. The gift is immediate; and while actual possession is postponed until sale, postponement is for convenience of distribution, the possession of their trustees being purely legal, is their possession. As the discretionary power of sale must be exercised within a reasonable time, the delay in actual distribution is such as would take place in ordinary cases of administration, and will not operate to let in subsequently born children."

In the matter of Smith et al., 131 N. Y., 239, the gift was $10.000 to each of the grandchildren of the testator to be paid to them on their severally attaining the age of twenty-five years, with a provision for the succession of the survivors to the right of any one dying before reaching that age. The question arose with reference to what grandchildren would be entitled to participate in this $10.000 in case of one grandchild who died after the death of the testator, there being one grandchild who was born after the death of the testator. It was held that the after born grandchild was not entitled to participate, not being a survivor in the meaning of the will.

Wells, J. In the case of Worchester v. Worchester, 101 Mass., 128, says: "But the right to a residuary bequest and to have distribution, is not postponed by a charge of annuities upon the estate. Provisions may be made for the security and payment of such annuities as well as other pecuniary legacies and debts, leaving the residue in interest to be distributed. The necessary delay required, will not operate to postpone the right, so as to let in those who happen to come into existence meanwhile, to claim a share in the gift."

In Heath v. Heath, 2 Atk., 121, the language of the will was, "to and among all the children respectively, male or female, of my brother and sister Heath." The court said:

"For my part, I have no notion that this devise can have any relation to a child not in esse until some years after the testator's death. It may as well be intended twenty years afterward, if a woman is capable of bearing so long, and would make great confusion by unravelling accounts that have been settled so long before."

In a note in this case the following rule,

after a careful review of the authorities, is stated: "The general rule is cases of this nature seems to be that where the devise or gift is to the children or grandchildren in general, and is not limited to a particular period, then it is confined to the death of the testator."

To the same effect is Beach on Wills, sections 298, 299, 300 and 303.

In section 299, the author says: "The fact that the payment of legacies is postponed by law until a year after the decease of the testator, does not admit objects born during that time."

The question before us for judicial construction has never been determined by the supreme court of this state, so far as I am advised; and the only case we find reported in Ohio which bears directly upon the question is the case of Soteldo v. Clement, trustee, reported from Hamilton County Common Pleas in 29th Bulletin, page 384, Bates, J. says: "hence an immediate gift to children or to a person and his children, or his issue, if he has children at the testator's death, vests in those in esse to the exclusion of those born afterwards." Citing Heath v. Heath, *supra*, and many other cases.

The case of Howland v. Howland, 11th Gray, 469, cited by the learned counsel for plaintiff as being opposed to the doctrine announced in the cases to which we have referred, fails, we think, to support their contention.

The language of the will construed in this case was the strongest possible language that could be employed in the effort to provide for grandchildren born after the death of the testator. The testator in his will gave each of his sons for each of the children of these sons, $5,000 intending to provide for after-born children in the following language: "or who may be born to them respectively after my decease."

Chief Justice Shaw, announcing the opinion, said:

"The court are of the opinion that the gift of $5,000 to after-born children indefinitely cannot be carried into effect, because inconsistent with the general intent of the will. It must, therefore, be limited to a period at which the residue becomes formed and is, by the general intent of the will, to be distributed. The two intents, first—to keep the estate upon indefinitely, and second—that the testator's own children shall enjoy the residue in their lifetime, are incomptiable, and one must yield. The intent that the children shall enjoy as soon as the residue shall be formed, is the leading intent. This might be, and actually is, at the expiration of one year when debts are supposed to be paid and the executors are to settle the estate. Another period for the formation of the residue might be fixed, either by express provision, or as necessarily resulting from other provisions of the will.

The intent of the testator is to be carried into effect, as far as it can be done, and should be observed and respected as far as it can be, when it cannot be fully carried into effect. Here it might be when the first after-born child was born, because then and upon that contingency a further sum of $5,000 was to be paid and then there must be a distribution. It appears that no such settlement and distribution was then made. But when the bill was brought the bar to any further suit or claim, and the statute of limitation had taken effect, and no debt would then be proved. To extend the formation of such residue to the time at which an after-born grandchild could be born to extend the formation of such residue to the time at which an after-born grandchild could be born, would be inconsistent with the principal intent of the testator. It, therefore, must be limited. The court are of the opinion that the time of the filing of this bill is the proper time for considering the term closed, which excludes after-born grandchildren, and that the grandchild born after that time or to be born thereafter, must necessarily be excluded."

This was a bill in equity filed in March, 1857. Several grandchildren were born after the testator's death, the two youngest being born in 1856.

Notwithstanding the express language of the will making provisions to children born "after my decease," the court felt compelled to limit bequests to after-born children to one born within a year after the death of the testator and before the estate, under the law, was subject to distribution.

It was further argued that the words "now or hereafter born" if not given the effect claimed, would be surplusage and inoperative, and that Judge Ranney being familiar with legal terms could not be expected to use unnecessary words. In one sense, these words possibly are surplusage; that is to say, they have no more effect than to say simply "to each of my grandchildren," since such language would include the same member in the class; but, in another sense, they have weight, and that is in making even more clear the intent of the testator that he wished to include all grandchildren born after the date of the making of the will, and it may be reasonably supposed that he expected to live some years after the making of the will, and, as a matter of fact, he did.

It is contended by counsel that wills, in general, speak from the date of the death of the testator, and necessarily refer the meaning of the word "now" to the time subsequent thereto.

We are not able to adopt this view of the case, for while it is true that the above rule is the rule for construing wills in giving effect to their provisions, it is not true that all language in wills must be taken in getting at the meaning of the testator as having been used at the time of his death. For example, should he use the expression "to each of my grandchildren now born" there is no possible doubt but that in determining the members of this class the

date of the will would have governed. Hence the words "or hereafter born" by any reasonable view of the case in the line of authorities we have examined, being used by a man familiar with the extent of their meaning, refer to and only to the time between the making of the will and the testator's death.

Another provision in this will may be very properly considered in looking for the testator's intention; in one of the last clauses of the will it is provided "but I recommend that they (executors) give bonds as residuary legatees for the payment of my debts and legacies as provided by statute, and thus expediting the settlement of the estate." This makes reasonably clear the wish of the testator and his intention that the estate should be settled at an early date and in negativing the idea that it should be held open for an indefinite period as would be necessary were the construction admitting after-born children adopted.

The section of the statute evidently referred to by the testator, is section 5997, relating to the settlement of estates. The suggestion of counsel, that under another section of the statutes, in order to provide against any contingency, the executors might take bonds from the distributees, was certainly not contemplated by the testator. We are unable to see, under the construction claimed how, in the lifetime of either of the sons of this decedent, this estate could be finally settled. So long as the sons of the testator are living, there is a possibility of the birth of children, and, consequently, there could be no determination during their lives of the objects of the class to which these legacies were given. No matter how large the estate might be, whatever the amount of personal property, large or small, there being no determinable limit as to the number of children that these sons might have, there would always be a possibility at least, of the exhaustion of the personal estate for the payment of these legacies, and the executors could not distribute the residuary portion of the personal estate without taking bonds from the distributees for the reason that there would be a standing possibility of a demand by after-born children for the amount of their legacies. The fact, also, that it was suggested that bonds be given for the payment of legacies under the will, in order to hasten the distribution of the estate indicates that in the mind of the testator the objects of his bounty would be determined at his death.

The distinguished jurist whose will is now before us, accustomed as he was to legal documents, could scarcely have made a recommendation of so indistinct a character as this would be were after-bornchildren to be admitted. It would be impossible for these executors, as residuary legatees to give any bond for the payment of the legacies when the amount would be indeterminable, the number of children to be born to these sons after the death of the testator being an unknown quantity. It seems to us that this recommendation showing the intention of the testator, clear y expressed as to an early settlement, precludes the idea of the intention of giving this legacy to grandchildren whose number could not be determined at the time the will took effect, namely, at his death.

While it appears that there are ample funds in the hands of the executor to pay this grandchild a legacy of $15000, and while it would give me personal satisfaction to put such a construction upon the will as would have the effect to admit as a legatee this granddaughter of Judge Ranney (born after his decease) we feel impelled to a different conclusion in the light of legal principles and judicial interpretations in similar cases.

If this grandchild may be admitted to take under this will, by the same token and the same course of reasoning may not the settlement of this estate be further postponed awaiting the possible coming of other grandchildren to share in this estate?

The Supreme Court of Illinois in McCartney v. Osborn et al., 118 Ill., 408 (1886) say: "Where a will contemplates distribution at a period subsequent to the death of the testator, the time must be fixed by the will itself. It cannot be left open to be determined by the executors as whim or caprice may suggest. A will, therefore, should not be so construed as to confer such a power on the executors."

We hold, therefore, that the grandchildren of the testator, living at the time of his death, are alone entitled to take under the will.

Boynton & Horr, for plaintiff.

Squire, Sanders & Dempsey, and C. W. Fuller, for defendant.