In the Matter of the Judicial Settlement of the Accounts of HELEN ALICIA McARDLE, as Executrix and Trustee under the Last Will and Testament of PATRICK J. McARDLE, Deceased.

Surrogate's Court, Albany County, January (Received February, 1924).

**Executors and administrators — accounting — wills — when real estate not chargeable with payment of legacies.**

When testator made his will about seventeen months before his death he was possessed or so believed or had reasonable expectations that he would acquire sufficient personal property with which to discharge a $50,000 legacy to a son and a like one to a daughter, but said legacies were not expressly made a charge upon the real property of the testator. *Held*, upon consideration of the documentary and oral evidence, that it was not the intention of the testator to charge his real property with the payment of said legacies.

PROCEEDINGS to settle accounts of trustees.

*Arthur L. Andrews*, for executrix and trustee.

*Tobin, Wiswall & Walton*, for Charles P. McArdle.

*James Farrell*, for Edward F. Murray and Mary Murray McArdle, assignees of Charles P. McArdle.

*Edward J. McCrossin*, individually and as special guardian for Edward J. McCrossin, Jr., and others.

*Stephen J. Daring*, special guardian for Marion McArdle and others.

*Nicholas J. Barry, Jr.*, special guardian for Helen M. Blake and others.

LAWYER, S.  Patrick J. McArdle died in the city of Albany on the 9th day of May, 1915, leaving a last will and testament bearing date December 30, 1913, which was probated June 21, 1915.

No objections have been filed to the account of the executrix but objections have been filed to the account of the trustee by Edward F. Murray and Mary M. McArdle, objecting to payments of income made to children and grandchildren of the deceased.

The objections are based on the ground that said trustee has not the authority by the will to pay said income to said children and grandchildren out of the general fund of said estate until after payment of $50,000 to Charles P. McArdle.

By the first item of his will the testator bequeathed to two of his children, Charles P. McArdle and Helen Alicia McArdle, the sum of $50,000 each.  The residue of the estate was given in trust to the executrix trustee, with direction that the same be divided into as many parts as the testator should have children living at the time of his decease and the families of those who predeceased him.

Surrogate's Court, Albany County, February, 1924.          [Vol. 122

There is no express provision in the will making the two legacies of $50,000 each a charge upon any real property of which the testator should die seized.

The contestants contend that as the personal estate was insufficient to pay their legacies, the real estate should be charged therewith.

The primary fund from which legacies must be paid is the personal estate, but it may be shown by proof of extrinsic circumstances that, although not expressed, a testator must have intended that real estate be resorted to in the payment of legacies.

Intention is the fundamental canon of construction and it may be implied, even if not expressed. *Taylor* v. *Dodd*, 58 N. Y. 335; *Irwin* v. *Teller*, 188 id. 25; *Carley* v. *Harper*, 219 id. 295; *Ely* v. *Megie*, 219 id. 112.

In order to show the testator's intention, the assignees, Edward F. Murray, father-in-law, and Mary M. McArdle, wife, of Charles P. McArdle, son, legatee, offered evidence to prove the condition of the estate at the time of testator's death; that it was substantially the same at the time the will was made; that the testator had such knowledge and had no expectation of any substantial change in his circumstances.

At the time of his death the estate of Patrick J. McArdle was as follows: Personal, $327,216.29; real, $59,119; making a total amount of $386,335.29. The testator's indebtedness amounted approximately to the sum of $404,664.84.

On behalf of the contestants there were offered in evidence testator's books of account, showing purchases and sales of material from December 1, 1913, to May 1, 1915. The sales exceeded the purchases by the sum of $67,667, the stock thereby being depleted by $65,667.

Considering the estate by the inventory and appraisal and this account and the debts in November, 1913, the estate amounted to the sum of $49,277.45.

If the testator knew this to be the condition of his estate, may it be inferred that he would provide for two legacies amounting to $100,000 and proceed to create seven distinct trusts of real and personal estate in order to provide for six children, including the two legatees, and four grandchildren, when he was not seized and possessed of sufficient property to discharge one legacy?

There is, however, both documentary and oral evidence from which it is fair to deduce the conclusion that the testator, at or about the time of the execution of his will, believed he possessed or had reasonable expectation that he would possess sufficient personal property to discharge the legacies bequeathed.

On November 1, 1913, in a written statement addressed to the First National Bank of Albany and signed by the testator, and his son, Charles P. McArdle, the assignor of one of the legacies of $50,000, the net assets are stated to be $1,070,518.40. McArdle was a borrower from the First National Bank at this time and owed the bank $88,000.

There is no evidence to show that this statement was not made in good faith. It is affirmed to be a full and correct statement of testator's financial condition at that time. There is no suggestion that the testator was purposely attempting to deceive the bank or commit a fraud.

It further appears that in the months of November and December, 1913, when applying for credit at the New York State National Bank, the testator stated to Mr. Cogswell, president of the bank, that he was worth over $1,000,000. At that time Mr. McArdle owed the bank for loans $199,000.

The same statement was made to Mr. Dolan, agent for a surety company, on renewal of an undertaking given on appeal. The testator exhibited to Mr. Dolan a great stock of copper, brass, waste and rubber and represented that these materials were worth more than $1,000,000, without considering his real estate.

These statements were made to officers of banks and Mr. Dolan, with whom the testator had present and important business negotiations.

Further similar statements were made to other persons to whom Mr. McArdle exhibited his large quantities of stock.

There is no doubt that McArdle was possessed of vast quantities of copper, rubber, waste and iron at the time of the execution of the will. What disposition was made of this stock by the testator does not appear.

Even without regard to the testimony of the witnesses Feeney, Hughes and Donohue, objected to by the contestants, I have reached the conclusion that the testator, at the time of the execution of his will, December 30, 1913, was possessed and seized, or believed himself possessed and seized of, or had reasonable expectations that he would acquire, sufficient personal property with which to discharge the legacies bequeathed.

The burden of proof upon the contestants to show a different intention than that expressed in the will has not been met. *Turner* v. *Mather*, 86 App. Div. 172, 176; *Brill* v. *Wright*, 112 N. Y. 129, 136.

I, therefore, find the two legacies of $50,000 each were not intended by the testator as charges upon his real estate.

Decreed accordingly.