CORINNE KEEFE, an Infant, by L. M. LAYDEN, Her Guardian ad Litem, Respondent, v. ELLEN C. KEEFE, Individually and as Administratrix, etc., of DANIEL F. KEEFE, Deceased, and Others, Appellants, Impleaded with DANIEL WATKINS and Others, Respondents.

Third Department, November 19, 1930.

*Frank Hurley* and *H. Prior King* [*Thomas F. Conway* of counsel], for the appellants.

*L. M. Layden,* for the plaintiff, respondent.

*J. B. McCormick* and *Chambers & Finn,* for the defendants, respondents.

HILL, J. This appeal is from a judgment in a partition action whereby it was decided that Daniel F. Keefe died intestate as to

his real estate. The appeal is taken by his administratrix with will annexed and by three nephews named in the will. The plaintiff and the respondent defendants are descendants of other nephews and nieces. The will provided:

" *First.* After all my lawful debts are paid and discharged, I give, devise and bequeath to my good wife, Ellen C. Keeffe, all my real and personal property of every kind,· description and character for her sole use and benefit during her lifetime. At or before my said wife's death, it is my wish that all that may remain of my estate of whatever kind, may be equally distributed by my said wife's executor and given to George C. Keeffe, Herbert Keeffe and John J. Keeffe my nephews, all residing in greater New York."

His wife, who was living when the will was prepared, predeceased him. She having died prior to his death, the legacy to her lapsed, and if the 1st sentence above quoted devised an absolute title in fee, the determination was correct, whether the 2d sentence was merely the expression of decedent's wish or an attempt by him to create a remainder. An absolute gift is neither limited by the expression of a repugnant wish or desire (*Matter of Ithaca Trust Co.*, 220 N. Y. 437), nor by implication through a subsequent clause. (*Campbell* v. *Beaumont*, 91 N. Y. 464.) On the other hand, should it be determined that the 1st sentence created a trust, with power to the widow to use not only the income but the principal, and that the 2d sentence devised the remainder to the nephews after her death, the fact that she died prior to the decedent would not defeat the remainder. It would accelerate the enjoyment. (*Matter of Fordham*, 235 N. Y. 384.)

The concluding words of the 1st sentence " for her sole use and benefit during her lifetime " limit the devise to the wife. The gift is not to her and her descendants, but the enjoyment is limited · to her lifetime. In *Crain* v. *Wright* (114 N. Y. 307) the significance to be given to the phrase " during her lifetime " is discussed and stressed. The devise of a life use is here immediately followed by an effort to create a remainder after the intervening life estate. Under quite similar language it has been decided that a remainder was created. (*Seaward* v. *Davis*, 198 N. Y. 415.) The word " before " in the early part of the last sentence is rendered meaningless by the proposed construction. It was not the intention of the testator to convey to collateral relatives all that might remain of his estate " before " the decease of his wife. Effect should be given to every part of a will when possible. (*Eidt* v. *Eidt*, 203 N. Y. 325.) Under a construction that the widow received a life use with a remainder over to the nephews, we give no effect to the one word,

but to hold that a devise in fee was made to the widow and that there is no remainder would give no effect to the words " during her lifetime " in the 1st sentence, and would nullify the entire 2d sentence. A construction which prevents intestacy should be adopted when possible. (*Kalish* v. *Kalish,* 166 N. Y. 368.)

The judgment should be reversed and the complaint dismissed.

VAN KIRK, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.