In the Matter of the Estate of CHARLES COLLITON, Deceased.

Surrogate's Court, Schoharie County, March 2, 1934.

*Russell B. Burnside* [*William B. Phipps* of counsel], for Levi H. Joslin, individually and as administrator.

*Jones & Jones,* for Brenton M. Ryder.

GOLDING, S. Petitioner asks for construction of the will of decedent, for a decree that the widow took the absolute fee to the real and personal property, and that the legacies are a lien and charge on testator's real estate. The provisions of the will in controversy are as follows: "After paying all my just debts and funeral expenses, I give, devise and bequeath unto my wife, Lottie Colliton, all of my real and personal property except below mentioned for her use and benefit, as long as she lives — all chattels, and after her death, I give unto the following named persons, Levi Joshlin, One thousand Dollars, Leroy Rider one hundred dollars, Lake Joshlin, one hundred dollars, Charles Joshlin, one hundred dollars, and Schuyler Clapper, one hundred dollars. Also Alvah Joshlin, one hundred dollars, and the following named persons I give fifty dollars each, viz: Clinton Gray, May Chase, Helen Rider, Frank Colliton, Harder Colliton, Hattie Frances, Fred Colliton, Maud Gray and Della Joshlin. The above bequests to be paid after the death of my wife, Lottie Colliton, unless my wife Lottie Colliton deems it proper and just, then she may pay such amounts to those that I have willed or a portion thereof."

His widow was executrix of his will. The words used in his gift and devise of his property to her are unmistakable in their meaning, so clear and simple that any one can understand. It is urged that the words " except below mentioned " are significant as showing an intention to make a gift in fee. These words do not cut down or enlarge his wife's use and benefit of his property, and when read in connection with the rest of his will simply allows her to determine whether she will pay any of them during her lifetime and deprive herself of the income of those she might pay.

The will was prepared by a layman with whom the court was acquainted, an intelligent man. There must have been some conversation between testator and him concerning his wife having the use of only the income from his property — hence the use of the words " as long as she lives."

In the case of *Keefe* v. *Keefe* (230 App. Div. 654; affd., 257 N. Y. 604) testator gave his wife " all my real and personal property of every kind, description and character for her sole use and benefit during her lifetime." Held, that she took a life estate only.

In *Matter of Eckam* (237 App. Div. 463) the testator gave and bequeathed to his wife the use and benefit of all his property, real and personal, during her life and as long as she remained his widow. He also gave her power to sell and convey his property, etc. The court held she took a life estate only.

*Crain* v. *Wright* (114 N. Y. 307), cited by petitioner, is not in point. There the widow was given fifty acres of land for her use and benefit. There were no words of limitation of the gift for her life. On page 311 of opinion the court says: " In the absence of such express terms [' during her life ' or ' during her lifetime '] and when the effort to qualify the estate depends wholly upon necessary implication, a strong or clear case is required to satisfy the statute."

It cannot be claimed that the gift of the income of the property is a gift of the property itself. This only applies when there is no limitation of time attached to the gift. (*Matter of Smith*, 131 N. Y. 239, 246.)

It is urged that the widow took an absolute fee to avoid intestacy. It is the duty of the court to ascertain testator's intention from the language of his will. It is clear and unambiguous. The court has no power to create testamentary disposition which is neither expressed nor necessary to be implied. This would be not to construe a will, but to construct one. (*Matter of Tamargo*, 220 N. Y. 225, 231, 232.)

In *Matter of Disney* (190 N. Y. 128, 131) the court says: " When the language is as clear and unambiguous as it is in this case, it does not appear to me that we should evade its meaning by an endeavor to spell out a definite intent on the part of the testator by resorting to the rule, to the effect that the testator did not intend to die intestate, especially when that rule has many exceptions and is only occasionally followed."

Surrogate LAMONT in 1907, on a judicial settlement of account of executrix, construed this will as to the personal property, and in his opinion states: " The widow under this will is given a life estate only, that the gift is limited to her use and benefit as long as she

lives. This is repugnant to a gift in fee." (Citing *Matter of McClure*, 136 N. Y. 238.)

I hold that the widow took a life estate only and the decedent died intestate as to a portion of his property.

The personal estate is the principal fund for the payment of legacies. (*Bevan* v. *Cooper*, 72 N. Y. 317; *Farmers' Mortgage & Trust Co.* v. *Kip*, 192 N. Y. 266, 283.)

Primarily the language of the will is the basis of the inquiry, but extraneous facts and circumstances which will aid in the interpretation of the language employed and help to disclose the actual intention are to be considered. (*McCorn* v. *McCorn*, 100 N. Y. 511, 513; *Ely* v. *Megie*, 219 id. 112, 127; *Carley* v. *Harper*, Id. 295.)

Petitioner again urges that the words, " except below mentioned," indicate an intention to charge the real estate, but read with the rest of the language of the will, it seems to me, to refer to the time of payment.

There is nothing in this will indicating that if any of the legacies were paid by the widow during her lifetime their payments should be made out of the real estate. If she paid any of them, he intended payment out of the personalty. None of the legatees are decedent's heirs at law. The burden of establishing that a legacy is a charge on real estate is upon the legatee where the language of his will does not affirmatively show such was the intention of the testator. (*Brill* v. *Wright*, 112 N. Y. 129.)

No evidence was offered as to the value of decedent's personal property at the time of the execution of the will or from that time to his death. His brothers and sisters were his heirs at law. No facts or circumstances were presented that the relationship between them was other than pleasant, harmonious and affectionate. If he had died intestate, his personal estate, after deducting his debts, funeral expenses, etc., and other ordinary charges, was less than $2,000, and the widow would have taken it all and had dower in his real estate. His will deprived her of her statutory share of his personal and gave her the use of his farm, which was more than the use of her dower.

This will has no residuary clause. There is an absence in the provisions of this will which courts in other wills have deemed important in determining that the testator intended that the general legacies should be charged on realty, such as the blending of personalty and realty in residuary clause, or power of sale of real estate to executor, or that the legatees were more than natural objects of his bounty than those named in the residuary clauses or that there was at the time of execution of the will, to testator's knowledge, a deficiency in personalty as compared with the legacies

given by his will or a direction that the transfer tax be paid on said legacies. (*Matter of Lillienthal*, 139 Misc. 225, 229, 230.)

There is a presumption that the testator knew the value of his personal property and that it was sufficient to pay the legacies on the date the will was executed, when there is nothing in the will to indicate to the contrary.

Surrogate WINGATE, in *Matter of Lillienthal* (*supra*), on the question of deficiency (at p. 236), says: " One final matter is worthy of attention in this connection, namely, the extent of the deficiency in personalty which will warrant a charge. Obviously, such deficiency, to carry any weight, must have been reasonably within the knowledge of the testator, but it is believed that a presumption should be held to exist in the usual case that a person who deliberately sets about that arrangement of his affairs which is to take effect after his death, has given sufficient attention to the matter to understand and appreciate the extent of the assets at his disposal."

An intention to charge real estate will not be inferred if decedent had been mistaken in his judgment as to the value of his property or in reasonably expecting to increase his personal estate before his death. (*Carley* v. *Harper*, 219 N. Y. 295.)

Such deficiency must exist when the will is made. (*Briggs* v. *Carroll*, 117 N. Y. 288; *Matter of Lummis*, 101 Misc. 258.)

To charge legacies upon real estate there must be satisfactory evidence that the testator knew that his personal estate was insufficient. (*McGoldrick* v. *Bodkin*, 140 App. Div. 196, 197.)

The inventoried value of the personal estate was $2,526.32. On settlement of executrix's account, after paying the usual charges, there was a balance of $1,900.07 in securities, cash and other personalty. The tax assessed on legacies was $40.15 and paid out of the corpus of the estate, leaving legacies to be paid $1,909.85, and the personal estate at that time was substantially sufficient to pay the legacies.

The decree settling executrix's account provides: " That the widow, Lottie Colliton, is entitled to the use and enjoyment in specie, of the stock and personal property and implements owned by deceased at the time of his death, which was thus given her by his will." The surrogate in his opinion says " that the testator intended that the widow, in the use and occupation of his farm, should enjoy the use of said stock and implements, so essential to working it and reaping an income from it." Stock and implements were not the only personalty included in the $962. She sold some cows and a horse for cash. It is common knowledge that cows become unproductive from age, injuries or disease and that implements wear

out. To keep up a dairy a sale of such cows is necessary, and during twenty-five years some of the other cows may have been sold by executrix and, if she did, she or her estate is chargeable with the value and she was entitled to the income thereon, or possibly she could replace those sold, with the proceeds of sale. In either case, the property, or the proceeds of sale, belongs to the trust fund. Her executor, accounting for her acts and doings as such executrix and trustee, took credit for the $962 of which some was in cash, some she had the use of in specie and there was other personal property. In the account he states: " No part remains to be accounted for at this time." When she sold some of the stock she waived her right to the use of the same in specie.

All persons interested were parties to all prior accountings and proceedings. None have appealed from said decrees and no party has made an application to have the decrees opened or modified, and those accounts or decrees, whether right or wrong, so long as they stand, are binding, valid adjudications and all parties are bound thereby. (Surr. Ct. Act, § 274; *Matter of Tilden*, 98 N. Y. 434; *Matter of Hawley*, 100 id. 206.)

The first accounting established there would be nothing to distribute to the assignee of the next of kin. The large deficiency now existing is twenty-eight years after the testator's death. The legatees now ask that the farm of decedent be sold to pay the deficiency.

The records in evidence show that the representative of the life tenant and executrix has not fully accounted for the $962 of cash and other personal property. The legatees required no itemized account or no explanation of what had become of the cash, stock, implements and other personal property. They approved of the account and of the decree entered. No party interested should profit at another's expense when all were equally negligent in protecting their rights in this estate.

The legatees have not sustained the burden of proof to show these legacies are a charge upon the real estate. (*Matter of McArdle*, 122 Misc. 483; *Turner* v. *Mather*, 86 App. Div. 172, 176; *Brill* v. *Wright*, 112 N. Y. 129, 136.)

I hold that the legacies are not a charge upon real estate of decedent and deny the application for an order directing the sale of said real estate to pay legacies.

Decreed accordingly.