## In the Matter of the Estate of EUGENE FRAYER, Deceased.

Surrogate's Court, New York County, April 13, 1935.

*Myles A. Walsh,* for the residuary legatees.

*George L. Ehrhardt,* for the trustee.

*Hirson & Bertini* [*Max L. Rothenberg* of counsel], for George W. Quinlan, as executor, etc., of Elizabeth Harned, deceased.

FOLEY, S. In this trustee's accounting a construction of the will is sought. The trust accounted for was created by the fourth paragraph of the will which provides as follows:

"I give and bequeath to the Central Union Trust Company of New York, as trustee, the sum of Fifteen Thousand dollars ($15,000.00) in trust to invest, reinvest and keep invested, and collect and receive the income therefrom and apply such income during her natural life to the use of Mrs. Elizabeth Harned, for

many years a member of my household, in remembrance and appreciation of her many years of faithful and devoted service with power in the trustee at any time, in its discretion, when in the best judgment of its trust officer such payment will be for her ultimate best interest, to pay over to her or for her account any part of the whole of the principal of the trust fund. My purpose in placing this sum in trust, instead of giving it to Mrs. Harned outright is not to deprive her of the benefit and enjoyment of the principal or any part thereof, but to save her the responsibility and trouble of caring for and properly investing said sum, to protect her against the importunities of the unscrupulous or unwise who might seek to get the money from her or to induce her to invest it unwisely, and to insure that so far as possible she shall always have at least income of this sum for her support and maintenance. My purpose for giving the trustee power in its discretion to pay over to her or for her account any part or all of the principal is to provide against possible emergencies or unforeseen contingencies, such as serious accident or illness, or other event, upon the happening of which her immediate necessities will outweigh considerations of permanency of a stated income. I direct that this bequest have priority over all other bequests contained in this will without abatement, except only articles herein specifically bequeathed to others, and that she have the privilege of remaining in my house or other residence occupied by me at the time of my death for a period of thirty days after my death without the payment of rent or other charge therefor, and then for a further period of thirty days if the house be not sooner sold."

The remainder of the trust is not expressly disposed of by the will, except by the residuary clause.

The thirty-second paragraph of the will provides for a gift of " all the rest, residue and remainder of my property of every kind and nature, and wherever situate," to the testator's five nieces in equal shares.

The testator died in May, 1926. Elizabeth Harned, the life beneficiary of the trust, died on April 12, 1934.

During the administration of the trust the life tenant received approximately $6,400 from principal in addition to the net income. Principal of approximately $7,800 remains unexpended and is now claimed by both the residuary legatees and the executor of the deceased life tenant.

The residuary legatees contend that as the will makes no disposition of the remainder of the trust it falls into and becomes a part of the residuary estate which passes to them under the will.

The executor of the deceased life tenant rests his claim to the unexpended principal upon two grounds: (1) That the testator intended to make a gift of the principal to Elizabeth Harned. The court is urged to sustain this gift as one created by implication and to supply the necessary words to effectuate the gift imperfectly expressed by the testator. (2) That the general gift of the income to Elizabeth Harned carries with it a gift of the principal because the will makes no disposition of the principal.

Neither of these contentions can be sustained. The language of the will is clear and unambiguous and expresses no intention to make a gift of the principal to the life tenant nor can such an intention be implied. A simple trust is created with a power in the trustee to invade the principal for the benefit of the life tenant. The second and third sentences of the fourth paragraph of the will are not dispositive but merely set forth the motives which actuated the testator to make the gift in the form of a trust with a power to invade the principal. An analysis of this language discloses that the testator's motives were identical with those which have prompted innumerable persons to provide benefits of a similar nature. The testator's intention to create a trust for the benefit of Mrs. Harned is perfectly expressed in clear and concise language. There is no gift of the principal to Mrs. Harned in the will nor can one be implied. There is an express disposition of the remainder for it passes under the residuary clause. (*Matter of Cole,* 235 N. Y. 48.)

The second contention of the executor of the deceased life tenant is likewise unsound. I am fully cognizant of the cases which enunciate the familiar rule that a gift of the income from property which makes no mention of the principal is equivalent to a gift of the property itself. This rule, however, has no application where the income is given for a specified time or during a particular period. (*Matter of Smith,* 131 N. Y. 239; *Matter of Sackett,* 201 App. Div. 58; *Matter of Colliton,* 150 Misc. 616; *Matter of Potter,* 133 id. 17.) As is stated in *Matter of Smith* (at p. 246): " The rule that the gift of the income of property is a gift of the property itself, only applies where there is no limitation of time attached to the gift." The testator definitely limited the gift of income here to the duration of the beneficiary's life. The gift of the income to Mrs. Harned, therefore, does not carry with it a gift of the principal.

While the will cannot be construed as making a gift of the principal of the trust to Mrs. Harned, counsel for both sides have failed to consider the full import of the language employed by the testator in creating the trust for her benefit. It is difficult to imagine in what terms the testator could have expressed greater solicitude

for her welfare than he did. The fourth paragraph of the will is replete with expressions of concern for her protection and comfort and, in addition, gives priority to the bequest for her benefit. It is clear that the testator intended to secure for Mrs. Harned a life of comfort, free from pecuniary worries.

It is now disclosed that Mrs. Harned died insolvent, and that her personal estate is not sufficient to pay the expenses of her funeral and last illness. It is obvious that the testator's intention has not been carried out. The payment of principal for the expenses of the beneficiary's illness is specifically authorized by the will of the decedent here. In view of the language employed by the testator, it is clear that he intended that the funeral expenses of the beneficiary should be a charge upon the principal of the trust. As stated by Mr. Surrogate FEELY, the distinguished surrogate of Monroe county, in *Matter of Montgomery* (129 Misc. 14, 15): " Where a testator goes beyond mere income for support and shows a desire to have even the principal itself consumed in order to maintain the object of his bounty, not only in necessaries, but also in comfort, he is understood to have intended that such beneficiary should have every ordinary incident of the comfortable station or condition in life which his liberality was maintaining, and to have further intended not to bring the scene to a disgraceful close by stopping short at death and abandonong the body of the beneficiary to be buried, perhaps, as a pauper."

I accordingly hold that the debts incurred for the last illness and burial of Mrs. Harned, aggregating $2,072, are proper charges against the unexpended principal of the trust. This amount should be paid to her executor.

*Matter of Erickson* (113 Misc. 10; affd., 198 App. Div. 999), cited by counsel for the residuary legatees, is distinguishable from the present case. The will in that proceeding did not contain any expressions of solicitude for the welfare of the beneficiary, nor did it contain the power to invade the principal of the trust for her benefit.

The balance of principal remaining passes under the general residuary clause to the legatees named therein.

Submit decree on notice construing the will and settling the account accordingly.