(19 Misc. Rep. 470.)

THOMAS et al. v. TROY CITY NAT. BANK et al.

(Supreme Court, Trial Term, Rensselaer County. February, 1897.)

1. WILLS—CONSTRUCTION—NATURE OF ESTATE.

A will gave to testator's wife and daughter all his property, "to be held and used by them jointly for their support so long as they may both live together; and in case there shall be any surplus revenue from the estate, above what may be used yearly for their support, the said surplus shall be divided equally between them, unless they agree mutually to do otherwise. Second. If from any cause, my aforesaid wife and daughter cannot agree, and cease to live together and use the estate and revenue in common, then the real estate shall be sold, and the whole property be divided equally between them." The only other dispository provision related to a division of the estate in case the wife claimed dower rights. *Held*, that testator's wife and daughter took the entire estate under the will absolutely, in equal shares.

2. EXECUTORS AND ADMINISTRATORS — MERGER OF LEGAL AND BENEFICIAL TITLES.

The trust estate of executors, who are also the only devisees and legatees, is, on payment of creditors, merged in the beneficial estate, and such devisees and legatees then become vested with the legal title to all the estate.

3. SAME—PAYMENT OF DEBTS—BURDEN OF PROOF.

The burden imposed on executors, who are also the sole devisees and legatees, of proving payment of all testator's debts, is shifted to one who claims the right to hold the estate as administrator de bonis non of testator, where 10 years have elapsed since the death of testator, and he left a large personal estate, which has greatly increased in value since his death.

Action by S. B. Thomas and another against the Troy City National Bank and others. Judgment for plaintiffs.

Action to determine conflicting claims to the personal estate of De Witt Tuthill, who died in March, 1886, leaving his widow, Nancy Tuthill, and his only child, a daughter, Ada F. Tuthill, surviving, and who were his only heirs at law and next of kin. He left a will, which was thereafter admitted to probate by the surrogate's court of Rensselaer county; and letters testamentary thereon issued to his said wife and daughter, who were the executrices named in the will. The executrices never filed an inventory of the estate with the surrogate, never procured an order or advertised for the presentation of claims against the estate, and never had a judicial settlement of their accounts as executrices. At the time of the death of De Witt Tuthill, he had a large personal estate, mostly represented by securities kept in a box left by him with the defendant the Troy City National Bank, and the key to which he had. After the death of Tuthill, and the appointment of his wife and daughter as executrices under his will, they had the key and access to the box, and from time to time changed some of the securities from one form of investment to another. The daughter, Ada F. Tuthill, died intestate March 3, 1895, leaving her mother, Nancy Tuthill, her only heir at law and next of kin, surviving. Eleven days thereafter, and on the 14th day of March, 1895, the mother died intestate. At the time of the death of Ada and her mother, the box in question remained at the bank, and contained some securities which represented investments made by De Witt Tuthill in his lifetime, and in which he is named as the holder and owner. It also contained other securities which had been purchased by the executrices in the name of the estate of De Witt Tuthill, and still others in the name of Ada F. Tuthill as executrix of the will of her father. The plaintiffs in this action, Seaman B. Thomas and P. Elbert Nostrand, have been appointed and have duly qualified as administrators of the estates of Ada F. Tuthill and Nancy Tuthill, deceased, respectively. They have the key to the box, and have made an appraisal of its contents. The defendant Joseph W. Youngs has been duly appointed and qualified as administrator with the will annexed of the estate of De Witt Tuthill, deceased.

The defendant bank makes no claim to the box, or to the securities contained therein, and claims that it was simply the depository thereof, for the security and convenience of the owners, without compensation, and is willing to deliver the same to whomsoever the court shall adjudge to be entitled thereto. The plaintiffs, as administrators of Ada F. and Nancy Tuthill, respectively, and the defendant Youngs, as administrator with the will annexed of De Witt Tuthill, each claim the right to these securities, and have each served a notice upon the bank forbidding it to deliver them to the other.

The will, omitting the formal parts, is as follows: "First. I give, devise, and bequeath unto my beloved wife, Nancy, and to my daughter, Ada F. Tuthill, absolutely, all my real estate and other property, of whatever name or nature, to be held and used by them jointly for their support so long as they may both live together; and in case there shall be any surplus revenue from the estate, above what may be used yearly for their support, the said surplus shall be divided equally between them, unless they agree mutually to do otherwise. Second. If from any cause my aforesaid wife and daughter cannot agree and cease to live together, and use the estate and revenue in common, then the real estate shall be sold, and the whole property be divided equally between them, as they may mutually agree; and, if they cannot agree upon a satisfactory division, then each shall choose an arbitrator, and the two so chosen shall elect a third, and these three shall make the division, the expenses of the same to be paid by the estate. Third. Should my wife claim dower rights, instead of accepting the above-named provisions, then all the personal property shall be divided between my aforesaid wife and daughter as follows, to wit: The wife to take one-third and the daughter two-thirds; the division to be made by them, if they can mutually agree thereto; if not, then it shall be divided by arbitrators chosen as heretofore specified in clause second. Fourth. If my aforesaid wife and daughter deem it expedient to sell the real estate, they shall do so, and so long as they live together the property herein bequeathed shall be used by them in common as provided in clause first; but, if they live separately, the real estate being sold, the property shall be divided equally between them as they may agree; and, if they cannot agree upon the division, then it shall be divided by arbitrators chosen in the same manner as specified in clause second. I hereby nominate and appoint my wife, Nancy Tuthill, and my daughter, Ada F. Tuthill, the executrices of this my last will and testament, none other having been made and executed by me."

Calvin S. McChesney (Charles E. Patterson and Charles R. Ingalls, of counsel), for plaintiffs.

A. J. Perry (R. A. Parmenter, of counsel), for defendant Youngs.

E. W. Douglass, for defendant bank.

Cloyd & Burns, for other defendants.

CHESTER, J.    I think that the testator intended by his will to give his property to his wife and daughter absolutely, in equal shares.    The law is well settled that, where an estate is given in one part of a will in clear and decisive terms, such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words giving the estate.    Roseboom v. Roseboom, 81 N. Y. 356; Clarke v. Leupp, 88 N. Y. 228; Campbell v. Beaumont, 91 N. Y. 464; Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388.    The testator could hardly have used more apt language to convey the absolute estate in fee than the words employed by him at the commencement of the first item of his will, viz.: "I give, devise, and bequeath unto my beloved wife, Nancy, and to my daughter, Ada F. Tuthill, absolutely, all my real estate and other property, of whatever name or nature."    The words, "to be held and used by them jointly for their support, so long as they may both live together," immediately following, are the only words in

the will that can be claimed to limit or qualify the preceding gift of an absolute estate; but it appears to me that, if this claim has any force with reference to the words themselves, they cannot reasonably be so construed when viewed in the light of the entire will. Whether words in a will attached to a gift explaining the desire of the testator in respect to its use constitute a limitation of the bequest, or are to be regarded as advisory only, depends upon the intention of the testator, as gathered from all the provisions of the will bearing upon the subject.     Riker v. Leo, 133 N. Y. 519, 30 N. E. 598.     It appears from the will that the testator had in his mind two contingencies with reference to the use of his estate by his wife and daughter—First, the use of it in case they lived together; and, second, the use of it in the event of a disagreement between them, and their ceasing to live together.     After using language adequate to give his wife and daughter, who were the natural objects of his bounty, all his property absolutely, the testator, in the same item, expresses his desire that the property should be held and used by them jointly for their support so long as they may live together, and afterwards, in the second item, makes provision for selling the real estate, and dividing the whole property equally between them, in the event of their disagreeing and ceasing to live together.     It was left wholly to the discretion of the wife and daughter as to whether or not they should live together, and as to how long they should live together.     There is nothing mandatory in this respect.     In this, as well as in respect to the division of the property in case they chose to separate, much was left to their discretion and agreement, and arbitrators are provided for in the event of their failing to agree upon a division of the property.     The will is wanting in any expression showing that the testator intended, by the direction concerning the joint use of the property by his wife and daughter while they lived together, to limit or qualify the estate he had given them in the first clause of the first item.     On the contrary, the language of the entire will following the first clause of that item goes to confirm the view that he intended to give them an absolute and unqualified estate in all his property.     For instance, he provides in the second item that in case of ceasing to live together the real estate shall be sold, and not the proceeds of the real estate alone, but the whole property, be divided equally between them, and also substantially the same provision is contained in the fourth item; and in the third item he provides that in case the wife claimed dower, instead of accepting the provisions of the will, all the personal property should be divided between them, the wife to take one-third and the daughter two-thirds.     It is true that the proof is that wife and daughter continued to live together after the death of the testator so long as they both lived, and that the wife took the provisions for her benefit contained in the will, instead of her dower; so that the provisions of the second, third, and fourth items of the will never had to be carried into effect.     But we have a right to examine those provisions, so far as they may aid in the construction of the language used in the first item.     The fact that there is no clause in the will

44 N.Y.S.—66

bequeathing or devising any remainder to any one is also important in support of the construction here given.

Two other views of this will lead to the same result: First. If the will should be held to contain simply a gift of the use and income of the estate, instead of the fee or the absolute title, there being no disposition in it of the remainder, it should be held, under the authorities, that there was a devise and bequest of the fee, by implication, to the parties to whom the income is given. Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928; Philipps v. Chamberlaine, 4 Ves. 51; Earl v. Grim, 1 Johns. Ch. 497. Second. If the gift in this will to the testator's wife and daughter should be held to be only of a life estate, there was a remainder undisposed of, as to which the testator died intestate, and to which the wife and daughter would have been entitled under the statutes of distribution and descents. In either case the plaintiffs and administrators of the wife and daughter, respectively, would be entitled to their personal property.

But it is claimed that the testator's personal estate has not been administered upon, and that the administrator of De Witt Tuthill with the will annexed is entitled to it for the purposes of administration, and that the construction of the will is premature at this time, and should not be had until the question arises as to who is entitled to the estate when the time for distribution arrives. The validity of this contention depends upon the question as to whether or not there are at the present time any creditors of the estate of the testator. The rule of law is that the trust estate of executors, who are also the only devisees and legatees, is solely for the benefit of the testator's creditors, and when they are paid the trust estate sinks into, and is merged with, the beneficial interest, and such devisees and legatees become vested by operation of law with the legal title of all the testator's estate. Blood v. Kane, 130 N. Y. 514, 29, N. E. 994; In re Mullon, 74 Hun, 358, 26 N. Y. Supp. 683, affirmed 145 N. Y. 98, 39 N. E. 821. It is claimed here that the burden of proof is on the plaintiffs to show that there are in fact no creditors, and that this has not been done. Under the circumstances of this case, it is not altogether clear to me that in this respect the burden is on the plaintiffs. But, conceding that it is, it appears to me that there is sufficient proof to shift that burden to the defendant Youngs, as administrator with the will annexed. It appears that upwards of 10 years have elapsed since the death of the testator, and that he left a personal estate valued at more than $100,000 which has since largely increased in value. These facts alone create a very strong presumption that there are no debts. One of the plaintiffs, who is a near relative of the family, and is one of the administrators of the wife and daughter, and who is in a position, therefore, to be likely to know of any existing debts, testifies that he has no knowledge of any debts, and that his information is that there are no debts. I think, therefore, that enough appears to at least shift the burden of proof in this respect to the defendant Youngs, as administrator with the will annexed, if it is not primarily upon him. He is here asking the court to

award these securities to him for the purposes of administration. But he has made no allegation in his answer, and has furnished no proof, that there are any outstanding claims against the estate. It seems to me clear, however, under the proofs and under the circumstances of this case, that there are no outstanding debts against the testator's estate. If that is so, there is no trust in relation to the estate to be executed, and no need of further administration. The title or estate which the widow and daughter took as executrices ended before their death. They were also entitled to the beneficial estate as legatees under the will. These two estates meeting in the same persons were merged, and the widow and daughter became vested in their own right each to an undivided one-half of the entire interest in the property absolutely. See Blood v. Kane and In re Mullon, above cited. Upon the death of the daughter, Ada F., unmarried and intestate, her mother, Nancy Tuthill, being her only heir at law and next of kin, succeeded to and became the absolute owner of the entire property and estate of the daughter; but the administrators of their respective estates are, notwithstanding this fact, entitled, for the purposes of administration, to the equal, undivided one-half of the property.

Nor do I think that there is any force in the suggestion that this court has not jurisdiction of this action, because of any jurisdiction vested in the surrogate's court under the law, or by virtue of proceedings which are pending in the surrogate's court under the statute to enable an administrator or an executor to discover assets of a decedent. The proof shows that this action was commenced before that proceeding was instituted, and the question of title cannot be determined in that proceeding. In re Wing, 41 Hun, 452.

The plaintiffs should have judgment that they, as the administrators of Ada F. Tuthill, are the owners of, and entitled to, the undivided one-half of the property and securities mentioned in the complaint, and to the immediate possession thereof, and that they, as the administrators of the estate of Nancy Tuthill, are the owners of, and entitled to, the other undivided one-half of said property and securities mentioned in the complaint, and to the immediate possession thereof, with costs to all parties to be paid out of the estate. Ordered accordingly.