(75 App. Div. 297.)

## MITCHELL v. VAN ALLEN.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. Wills—Life Estate—Power of Disposition.

2 Rev. St. (9th Ed.) p. 1822, § 1, provides that the word "heirs" or other words of inheritance shall not be requisite to create an estate in fee, and that every devise of real estate shall pass the estate or interest of the testator, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied by the terms of the grant. Testator's will gave his wife all his property "for her own personal use and benefit during her life, and at her death all that might remain to go to" a daughter, or, in case of her decease, to a grandson. *Held*, that the wife took with power to dispose of the property and use the proceeds.

Action by Julia Mitchell against Henry A. Van Allen. Submitted on an agreed case. Judgment for plaintiff.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Selden Weller, for plaintiff.
Edward M. Perry, for defendant.

GOODRICH, P. J. The controversy submitted involves the construction of the will of George C. Mitchell, deceased. He died in 1898, seised of land at Jamaica, and his will has been admitted to probate. The will contained the following clause:

"First. After my lawful debts are paid, I give and bequeath to my well-beloved wife, Julia A. Mitchell, all of my real estate and personal property of which I may be possessed at the time of my death, for her own personal use and benefit during her natural life, and at her death all that may remain and be left is to go to our daughter, Mary E. Crawford, wife of George E. Crawford, and in the event of her death (should it occur before the death of her mother) then it shall be for the sole use and benefit of my grandson, George Mitchell Crawford."

Mary E. Crawford and George M. Crawford, the latter an infant 10 years of age, survive. The widow entered into an agreement in 1901 to sell the land by a covenant and warranty deed to the defendant for the sum of $3,500. The defendant contends that Mary E. Crawford has a vested remainder, and the infant, George M. Crawford, has a vested contingent remainder, and that a conveyance from the widow would not convey the whole estate. Our judgment depends upon the construction to be accorded to the

quoted clause of the will. Does the clause give to the plaintiff simply a life estate, or does it give her power of disposition of the land? Upon this question we are not without authority. Section 1 of 2 Rev. St. (9th Ed.) p. 1822, provides that the word "heirs" or other words of inheritance shall not be requisite to create an estate in fee, and that every devise of real estate shall pass the estate or interest of the testator unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied by the terms of the grant. In Crain v. Wright, 114 N. Y. 307, 21 N. E. 401, this provision was applied to a will which devised land to the widow of the testator "to have and to hold for her benefit and support" so as to give the widow an estate in fee. The court said (page 310, 114 N. Y., and page 401, 21 N. E.):

"We think that the words 'for her benefit and support' indicate the reason for making the gift, rather than the intention of the testator to annex a condition or limitation to the gift. He gave her the land in order to provide her with the means of support, not simply by the use of the land itself, but by the use of the land, or of its proceeds when sold. Moreover, the premises were devised to her not only for her support, but for her benefit. The use of the word 'benefit' in connection with a gift of property is significant. It is consistent with a devise in fee, but inconsistent with the devise of a life estate. A gift to a person for his benefit means an absolute gift, and excludes the idea of a qualified or limited estate."

Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950, seems to be conclusive authority upon the construction of the clause in question. The will in that case contained a provision that, if the personalty was insufficient to pay the legacies, enough real estate should be sold for that purpose, followed by the clause, "I also give, devise, and bequeath to my wife, Ellisheba, all the rest and residue of my real estate, but on her decease the remainder thereof, if any, I give and devise to my said children, or their heirs, respectively, to be divided in equal shares between them." The court held that the word "but" indicated the intent of the testator to carve out not an absolute, but a possible, remainder for the children; and also that the words "if any" indicated that the testator did not necessarily intend that there should be anything left on the death of his wife. The court said:

" 'The remainder, if any,' means the same as 'if there shall be any remainder,' and the gift over is of what may be left. As it would all be left unless there was a right to dispose of it, it follows by necessary implication that he intended his wife should have that power; otherwise the words 'if any' must be rejected as having no meaning whatever."

Kendall v. Case, 84 Hun, 124, 32 N. Y. Supp. 553, construed a will containing a clause reading:

"I give, devise, and bequeath to my beloved wife, Polly, the control, use, and incomes of all my property, both real and personal, of every nature, for her own benefit, so long as she lives; and after the death of my said wife, Polly, and after the payment of funeral charges and erection of suitable tombstones, if any of said real or personal property is left, I order my executor to divide said remainder, share and share alike, and to pay my said children or heirs, as follows."

It was held that the widow had a life estate, with power to dispose of the corpus of the estate.

In Thomas v. Wolford, 49 Hun, 145, 1 N. Y. Supp. 610, the language of the will was:

"After all my lawful debts are paid and discharged, I give and bequeath to my wife, Eliza J. Thomas, all of my real and personal estate that I may die possessed of during her lifetime, and at my wife's death the property, should there be any left, to be divided among the children or their heirs."

The court held that during life the widow had the power of disposition of the estate, the power to consume and dispose of it as it might become expedient or necessary to secure its beneficial enjoyment, and upon her death such estate as had not been consumed by her was devised to the children.

While Campbell v. Beaumont, 91 N. Y. 464, was a case where the language of the will was not similar to that used in the will of Mitchell, yet the decision required the enunciation of the principle which was laid down at the citation of various authorities, that "in all these cases it was, in substance, held that, when the property is expressly or by necessary implication to be spent by the primary legatee at his pleasure, a further limitation is clearly hostile to the nature and intention of the gift."

I do not regard the case of Owens v. Owens, 64 App. Div. 212, 71 N. Y. Supp. 1108, cited by the defendant, as at all in conflict with the authorities above cited. The clause of the will which gave the widow a life estate in the remainder of the estate after the payment of certain legacies was clear in its language, and had no reference to any remnant of the estate after the widow's life estate terminated. A subsequent clause gave the residue of the estate, using the words "if any there be," to his brothers after the widow's death. It was held that the widow took a life estate only, and that the phrase "if any there be" did not operate to enlarge her estate given her by the previous clause, and empower her to use so much of the corpus of the estate as she might need during her lifetime. Even then two of the justices were of a contrary opinion. But the difference between the clauses of the will in the Owens Case and the present will is sufficient distinction between that case and the one now under consideration.

Upon the authorities cited we are of opinion that the language of the will indicates the intention of the testator to give his widow not only a life estate in the land, but power of disposition, and the use of the proceeds. Any other construction would ignore the words "for her own personal use and benefit during her natural life, and at her death all that may remain and be left." etc.

In accordance with the submission, judgment must be entered that the defendant "perform said agreement according to the terms therein expressed," without costs. All concur.