For the reasons above stated, the sentence of the court is that the defendant be fined the sum of $25, and in default of payment thereof to stand committed to the city prison of the city of New York for the term of 10 days. All concur.

---

(41 Misc. Rep. 156.)

## In re McGLYNN'S ESTATE.

(Surrogate's Court, New York County. June, 1903.)

1. EXECUTORS—ACCOUNTING—COMMISSION AS TRUSTEES.
    Where executors were also appointed trustees of testator's real and personal property, having separate duties as trustees, but no mandatory power to sell real estate, they were not entitled on their accounting as executors to commissions on realty remaining in their hands unsold.

Judicial accounting by the executors of the estate of John McGlynn, deceased. Application to resettle decree as to executors' commissions on the ground that the commissions allowed were excessive. Application granted.

James Kearney (Rollin M. Morgan, of counsel), for executors.
Howard A. Sperry, for contestant.

THOMAS, S. By the terms of the will of the testator, the residue of his estate, after the payment of debts and a few small legacies, is given to the executors upon certain trusts. The duties of the executors, as such, and as trustees, are clearly separable (Matter of Union Trust Company, 70 App. Div. 5, 75 N. Y. Supp. 68), and they are now accounting as executors. The decree, as signed, awards to each of them a full commission, computed on the amount of the personalty received by them as executors and paid over to themselves as trustees, and also upon the estimated value of the real property of the testator. The entire estate, including the realty, exceeds $100,000, but is much less than that if the realty be excluded. The present application is to resettle the decree as to their commissions, on the ground that they are excessive.

Executors are never entitled to commissions upon the value of the real estate not actually sold by them and converted into money, since their commissions are always awarded "for receiving and paying out all sums of money." Code Civ. Proc. § 2730; Matter of Tilden, 44 Hun, 441, 445; Phœnix v. Livingston, 101 N. Y. 451, 456, 5 N. E. 70. When executors are vested with a power of sale, which, by reason of its express terms or by necessary implication, is mandatory, so as to impose a duty upon them to exercise it, and thereafter to account for its proceeds as personalty, the land is treated as equitably converted into money, and its value may be considered, not for the purpose of awarding them commissions upon such value in advance of a sale, but in order to determine whether the entire estate exceeds $100,000, so as to give to each executor a full commission. Estate of McLaren, 6 Misc. Rep. 483, 27 N. Y. Supp. 289; Matter of Clinton, 16 Misc. Rep. 199, 38 N. Y. Supp. 945; Smith v. Buchanan, 5 Dem. Sur. 169. This rule does not apply when there is a discretionary power of sale which does not work an equitable conversion. Matter of Hardenbrook, 23 Misc. Rep. 538, 52 N. Y. Supp. 845. Neither can it apply where the executors, as such, have no power to sell the land, though it is devised to them as trustees, and the due administration of the trusts will require such sale by them as such trustees. This is such a case, even if it be conceded that the power effected a conversion. The lands of the testator passed to the executors solely for the purposes of the trusts, and the power of sale is granted to them "for the purpose of carrying out the aforesaid trust and in addition to the powers granted to my executors." It is because the trust duties imposed upon the executors are distinct and separate from their duties as executors that they can have two commissions, and they cannot take commissions as executors for services clearly required of them only as trustees. Matter of Curtiss, 9 App. Div. 285, 37 N. Y. Supp. 586, 41 N. Y. Supp. 1111. An examination of the cases where the rule was applied, permitting an estimate of value of unsold real property for the purpose stated, will show that the distinction now pointed out was observed. In the McLaren Case, decided in this court by Surrogate Fitzgerald, the will recorded here discloses that the executors

were required to sell the land and pay legacies from the proceeds, some of which they were to pay in money to themselves as trustees. The provisions of the will in the Clinton Case are reported fully, on appeal, in 12 App. Div. 132, 42 N. Y. Supp. 674, where it was held that the duties of the executors as such and as trustees were not separable, and that they were entitled to commissions only as executors. Trust duties were imposed upon them, which required a sale of land for their performance, which sale would be made by them as executors. The decree will be settled, and one commission only, computed upon the personalty received and paid out by the executors, will be divided between them.

Decreed accordingly.