## In re CROFOOT'S WILL.

### (Surrogate's Court, Lewis County. July 31, 1912.)

1. WILLS (§ 614*)—CONSTRUCTION—INTEREST DEVISED.

    A will giving testator's property to his widow should not be construed as limiting the gift to a life estate, unless the language plainly requires it.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1393–1416; Dec. Dig. § 614.*]

2. WILLS (§ 597*)—CONSTRUCTION—INTEREST DEVISED—"HOLD AND USE AS SHE MAY SEE FIT AND PROPER."

    A will giving all of testator's property to his widow, "to hold and use as she may see fit and proper," gave her absolute title, and not a mere life estate.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1319–1326; Dec Dig. § 597.*]

3. WILLS (§ 449*)—CONSTRUCTION—PARTIAL INTESTACY.

    A testamentary construction that prevents partial intestacy is favored.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 965; Dec. Dig. §. 449.*]·

4. DEEDS (§ 123*)—"HOLD."

    " 'To hold,' when used in the habendum clause of a deed, includes the twofold idea of actual possession of the thing and being invested with legal title"—quoting 4 Words & Phrases, 3317.

    [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 344–374, 413–435; ? Dec. Dig. § 123.*]

5. WILLS (§ 597*)—CONSTRUCTION—EVIDENCE OF TESTATOR'S INTENTION.

    That testator before his death transferred to his wife the greater part. of his property does not tend to show that a clause in his will giving, all of his property to her "to hold and use as she may see fit and proper" was intended to be limited to a life estate.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1319–1326; Dec. Dig. § 597.*]

6. WILLS (§ 564*)—GIFTS OF INCOME—EFFECT.

    An unqualified gift without any limitation as to continuance of the· income from property is in legal effect a gift of the property itself.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1228–1232; Dec. Dig. § 564.*]

In the matter of the probate of Peter J. Crofoot's will. On application for a construction of such will. Decree directed.

Frank Bowman, Charles S. Mereness, and Charles S. Mereness, Jr., all of Lowville, for proponent.

Perry G. Williams, of Lowville, and Jay A. Pease, of Boonville, for contestant.

CARTER, S. [1, 2] Peter J. Crofoot died January 3, 1912, owning both real and personal property, and leaving a will drawn by himself, which has been admitted to probate in this court. Said decedent was survived by his widow, Clara Crofoot, and by J. Hannibal Crofoot, his brother and only heir and next of kin. Upon said will being admitted to probate, application is made by said J. Hannibal Crofoot for a construction of the second clause of said will under section 2624 of the Code of Civil Procedure.

The following is a copy of the second clause of said will, being the only disposing clause thereof, viz.:

"Second.—I give and bequeath unto my beloved wife Clara Crofoot all of my property of every kind and nature to hold and use as she may see fit and proper."

The said Clara Crofoot was made sole executrix of said will.

It is claimed by the heir that the will gave the widow, Clara Crofoot, the use of the decedent's property during her lifetime only, and that he died intestate as to the remainder, while the widow claims the will gave her an absolute title to all of decedent's property.

The words contained in the second paragraph of said will, "I give and bequeath unto my beloved wife Clara Crofoot all of my property of every kind and nature," would unquestionably give the widow an absolute title to all the property in question, but the words "to hold and use as she may see fit and proper" are added. It is claimed that these last-mentioned words so qualify and limit said paragraph that she takes only a life use. Are these last-mentioned words to be so construed as to cut down the absolute title to a life estate? This should not be done unless these words plainly require it. True, the widow would have the right "to hold and use as she may see fit and proper" without these words, and nothing is gained by their being added, but I cannot see by adding these words the testator intended to limit or cut down in any way the absolute title given. It was probably his intention to make the title given more perfect. I think the will should be construed the same whether these words were added or not. It is significant that testator does not limit the duration of the gift in any way, and that there is no gift over. If he desired to limit the gift to his wife for her life only, he would naturally have said so, and, if he had understood that any part of his estate was not disposed of, it is more than likely that he would have disposed of it.

[3] The law favors a construction of a will that will prevent partial intestacy. Vernon v. Vernon, 53 N. Y. 351; Ward v. Stanard, 82 App. Div. 386, 389, 81 N. Y. Supp. 906; 2 Redfield on Wills (3d Ed.) *235.

[4] "'To hold,' when used in the habendum clause of a deed, includes the twofold idea of actual possession of the thing and being invested with the legal title." 4 Words and Phrases, 3317. If the words "to hold and use as she may see fit and proper" were used as the habendum clause of an ordinary conveyance of land, I think it would be conceded that a title in fee simple would be conveyed.

[5] Before the death of the testator, he transferred to his wife the greater part of his property, and this is urged as a reason why he would not will to her the balance of his property. But it seems to me that this has no bearing upon the question, and, if it has, his willing her the balance of his property would be in entire keeping with his past conduct.

It is urged that the presumption is against testator intending to disinherit his only heir, but this presumption is at least neutral-

ized, if not overcome, by the presumption of his desire to give to his wife; there being no descendant.

[6] It seems to me from the language used in the will that the testator meant to give to his wife the property in question absolutely, but if it is conceded, as is contended, that life use of the property only is given, then we are met with the proposition of law that an unqualified gift, without any limitation as to continuance, of the income from real or personal property, is in legal effect a gift of the property itself. Earl v. Grim, 1 Johnson's Ch. 494, 497; Reform Society v. Case, 3 Dem. Sur. 15, 17, 18; Monarque v. Monarque, 80 N. Y. 320, 324; Matter of Daniels, 41 Misc. Rep. 299, 303, 84 N. Y. Supp. 684; Tabernacle Church v. Fifth Avenue Church, 60 App. Div. 327, 335, 70 N. Y. Supp. 181; Matter of Hull, 97 App. Div. 258, 266, 89 N. Y. Supp. 939; Matter of Ingersoll, 95 App. Div. 211, 212, 88 N. Y. Supp. 698; Matter of Smith, 131 N. Y. 239, 30 N. E. 130, 27 Am. St. Rep. 586; Jennings v. Conboy, 73 N. Y. 230, 237. "A devise of the use of land imports a gift of the land itself." Leonard v. Burr, 18 N. Y. 96. "Where the income in personalty is given to one, without limiting it to his life, it is held that absolute ownership of the property from which the income is derived passes to legatee." Page on Wills, § 595.

In Crain v. Wright, 114 N. Y. 307, 21 N. E. 401, the second clause of the will there under consideration reads as follows:.

"Unto my dear wife Anna, I give and bequeath fifty acres of land, off the north end of my farm, to have and to hold for her benefit and support. And I also give to my aforesaid wife Anna, all my household furniture, beds and bedding."

In the next clause of said will the remainder of the property was disposed of. It was held that the widow took said 50 acres in fee.

In Campbell v. Beaumont, 91 N. Y. 464, 467, the clause of the will under consideration reads, in substance, as follows:

"I leave to my beloved wife, Mary Ann, all my property * * * to be enjoyed by her for her sole use and benefit, and in case of her death the same, or such portion as may remain thereof, it is my will and desire that the same shall be received and enjoyed by her son Charles."

Held, that the widow took an absolute title.

In Mitchell v. Van Allen, 75 App. Div. 297, 78 N. Y. Supp. 149, the clause of the will under consideration was as follows:

"First. After my lawful debts are paid, I give and bequeath to my well beloved wife, Julia A. Mitchell, all of my real estate and personal property of which I may be possessed at the time of my death, for her own personal use and benefit during her natural life, and at her death all that may remain and be left is to go to our daughter, Mary E. Crawford, wife of George E. Crawford, and in event; of her death (should it occur before the death of her mother), then it shall be for the sole use and benefit of my grandson, George Mitchell Crawford."

Held, that the widow took not only a life estate in the real property but the power of disposing of same and using the proceeds thereof. "The term 'heirs,' or other words of inheritance are not requisite to create or convey an estate in fee." Real Property Law, § 240.

I conclude that it was the intention of the testator to, and that he did by his said will, give to his widow an absolute and unqualified title to all his real and personal property.