J. Maynard Jones, S.
In this proceeding to judicially settle the “ Final Supplemental Account ”, objections have been filed by two residuary legatees to the payments shown in the account of additional Federal estate taxes of $9,867.77 together with interest thereon, amounting to $2,797.03,- as well as an item of $498.18 interest paid on an additional New York estate tax.
The decedent, Caren Crouse Phelps, died September 8, 1959 and by her will, which was probated October 21, 1959, named the First Bank and Trust Company of Utica, New York, as executor of her estate. The Marine Midland Trust Company of the Mohawk Valley, as successor for such Trust Company, qualified as executor and administered the estate until its accounts were judicially settled on July 10, 1961. The executor had, on or about August 10, 1960, prepared and filed both the United States estate tax return and New York State estate tax return, wherein it omitted listing or making any reference to the decedent’s vested remainder interest in a trust created by the will of her father, Beecher M. Crouse, of which trust, the said executor was the trastee. The taxes were computed, determined and paid on the basis of the returns filed.
On December 8, 1964, the Beecher M. Crouse trust was terminated by the death of the life beneficiary, and thereafter on September 2, 1965, the Trust Company, as executor of Caren Crouse Phelps estate, filed supplemental Federal and State estate tax returns, disclosing for the first time to the tax authorities, a remainder interest of Caren Crouse Phelps estate in the Beecher M. Crouse trust, which interest was valued at $34,-745.64 as of September 8, 1959. An additional tax was assessed and paid to the Federal Government hy the executor in the amount of $9,867.77, and interest thereon in the amount of *292 $2,797.03. An additional tax was paid to New York State for estate taxes amounting to $1,370.55 and interest in the amount of $498.18.
The residuaries object to the executor taking credit for paying a supplemental Federal tax and the interest thereon, on the ground that, at the time of making said payment and prior to filing the supplemental return, the Federal Statute of Limitations had run, and the collection of the tax from the estate by the Internal Revenue Service was barred, and was not a legally enforcible obligation of the estate. The Federal Statute of Limitations cited by the objectants is embodied in section 6501 of the Internal Revenue Code (U. S. Code, tit. 26, § 6501) and provides, in substance, that the tax shall be assessed within three years after the return is filed,.and no proceeding in court for the collection of such tax shall be begun, after the expiration of such period. The exceptions to this statute are only if the return was false or fraudulently made with the intent to evade tax, or in the event there was a willful attempt to evade the tax. In the case of these exceptions, a statute provides that there shall be no limitation.
It is the well-settled rule in New York State, that an executor cannot waive a Statute of Limitations and does not have the right- to revive a claim against the estate, once it is barred by such statute. In Butler v. Johnson (111 N. Y. 204, 212) the court said ‘ ‘ An executor or administrator is bound to set up the bar -of the statute, and he would not be allowed in his accounting any sum paid upon a debt which, at the time of its payment by him, was barred by such statute. (Bloodgood v. Bruen, 8 N. Y. 362; Bucklin v. Chapin, 1. Lans. 443, 448; Burnett v. Noble, 5 Redf. 69.) ” In Schutz v. Morette (146 N. Y. 137, 143) the court stated:
‘ ‘ An executor can neither by his promise or acknowledgment, oral or written, revive a debt against the estate of his testator barred by the Statute -of Limitations (Bloodgood v. Bruen, 8 N. Y. 362), and against a claim so barred he is bound to plead the statute. (Butler v. Johnson, 111 N. Y. 204.) ” The fact that the obligation paid by the executor may have been a moral obligation, an equitable -one, or a debt of honor is of no consequence (Matter of Hull, 97 App. Div. 258).
The executor had the duty of including in the Federal estate tax returns, the interest of its estate in the remainder of the Beecher M. Crouse trust. The 1959 Federal Estate Tax Regu: lations 20.0-2 (2) (26 CFR 20.0-2, subd. [2]) provides that the gross estate shall include the value of all property, to the *293 extent of the interest therein, of the decedent at the time of his death. An alternate valuation might have been elected by the executor under methods set forth in section 20.2032-1 (26 CFR 20.2032-1) of such regulations. This permits the executor to elect a different value in some cases, which under no circumstances would be beyond one year from the date of death. There is no provision in the statute permitting a valuation to be established as of any subsequent date.
The omission of the remainder estate from the original tax return must be presumed (and it is so claimed by the Trust Company) to have been made with no intent to defraud or evade a tax, and without being a willful attempt on the part of the executor to defeat or evade the tax. The attorney for the executor has argued that it was prudent business judgment to omit such item, for the reason that such trust corpus might be considerably reduced or depleted for the benefit of the life beneficiary. There is no showing that the trust corpus has ever been invaded for such use, since its inception in 1947. The executor has failed to satisfy the court that there was, or ever could be, any advantage to the estate, in failing to disclose the residuary interest at the time of filing the original return.
I find no merit in the argument put forth by the executor that the six-year Statute of Limitations pursuant to section 6501 (subd. [e], par. [2]) of the Internal Revenue Code is applicable here. A reading of the statute makes it extremely clear that the item of omission in this estate is the commuted value of the remainder of the trust, at the date of death of Caren Crouse Phelps, which was $34,745.64. This does not exceed or equal 25% of the $167,270.84 gross estate as originally reported, so as to make a six-year statute effective.
As to the objection to allowing the executor credit for the payment of $498.18 interest on the additional New York State tax, this court will sustain the objection to the extent that such amount exceeds interest of the rate of 4% per annum, which reduced interest rate might have been secured by the executor, if they had properly had the tax assessed, and then secured a postponement of the payment of the tax, as is provided in subdivision 4 of section 249-z of the Tax Law. Such 4% interest to the State of New York cannot be considered unreasonable, in view of the fact that the objectants have had the use of the State’s money since 1960, and it is reasonable to assume they have been able to secure a 4% return on the same.